**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NAOMI HORN,**

              **Plaintiff,**

**-vs-**                                            Case No. **6:08-cv-18-Orl-19DAB**

**VOLUSIA COUNTY, FLORIDA, PRISON**
**HEALTH SERVICES, INC., DAVID**
**HAGER,**

              **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL NON-PARTY PRODUCTION (Doc. No. 51)**
>
> **FILED:** July 17, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

It appears that non-party ACT has responded to a records subpoena issued by Defendants in this case by allowing an imaging and copying contractor to copy the medical records at issue and bill the Defendants directly for the privilege. The contractor has charged $1,890.16 to reproduce approximately 1700 pages. Defendants object to the roughly $1 a page charge as being unreasonable. The Court agrees.

In its response, the subpoenaed party says that it "has entered into an agreement" with the contractor, "in reference to incoming medical records requests, to photocopy the medical records that

have been requested and to mail them to the requesting party on behalf of ACT." (Doc. No. 54). The contractor bills the requesting party directly, "the amount charged is the charge being levied" by the contractor, and "ACT will not receive any benefit or compensation for copying the records for the Defendant." (Doc. No. 54 at 2). The Court finds this to be, at worst, untrue, and at best, irrelevant.

According to the contract between the imaging company and ACT, the imaging contractor will perform all of the copying tasks and will invoice the requesting party for the reproduction, but certain charges, or percentages of charges, will be "reimbursed" to ACT. *See, for example,* Doc. No. 54, pg. 5 at paragraph 9, ("KI will invoice the requester $2.00 per page for special charges. . . when and if the charge is paid/honored, KI will reimburse AC 50% of this fee . . ."). As the contractor has added a processing search fee and a file tech archive fee, which the contract notes will be "reimbursed" to ACT (contract, paragraph 8), it is likely inaccurate to state that ACT will receive no compensation for copying the records. Be that as it may, the Court need not interpret the contract as Defendants did not subpoena the imaging company. The responsibility for complying with a subpoena lies with the persons or entities subpoenaed.

Here, the only relevant facts are that ACT was validly served with a subpoena, did not object to the production or otherwise timely seek protection from compliance, and is thus, duty bound to comply. How ACT elects to comply with its obligation is its own business. The responsibility to comply with the subpoena is ACT's. Absent Defendants' consent[1], ACT has no authority to contract with a vendor on Defendants' behalf; nor can ACT shift all responsibility for compliance to its vendor, conditioned on the payment of whatever fees the vendor chooses to charge. As this Court has noted, in a different context:

---

[1]Consistent with Rule 45, parties are expected to confer in good faith to resolve such details as are raised here.

> Rule 45 of the Federal Rules of Civil Procedure requires the Court to protect non-parties from "significant expense resulting from the inspection and copying commanded." Fed.R.Civ.P. 45(c) (2)(B). "However, the required '[p]rotection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance.... [A] non-party can be required to bear some or all of its expense where the equities of a particular case demand it.' " *In re Law Firms of McCourts,* No. M19-96 (JSM), 2001 WL 345233, at *1 (S.D.N.Y. Apr. 9, 2001) (quoting *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C.1992)).

*In re Seroquel Products Liability Litigation,* 2007 WL 4287676, 2 (M.D. Fla. 2007). Here, a charge of more than $1.00 per page is not equitable. In fact, the Court is unaware of any case in this district where a copying charge in excess of $1.00 per page was considered reasonable.

ACT is certainly free to contract with a vendor and the vendor is free to charge whatever the market will bear. They are not free to inflict that cost on another party, however, absent a showing that the cost was necessarily incurred by the subpoenaed party in order to comply with the subpoena. Here, there is no showing that the reproduction could not have been made in-house or at another printers or electronically for substantially less than that demanded here, or that the fee is otherwise justifiable. Absent a showing that ACT's compliance with the subpoena was reasonable, the charge cannot be sustained.

The motion is **granted.** ACT shall have 10 days from the date of this Order to provide the records requested upon payment of a *reasonable* copying fee, as agreed to by the parties. Should the parties fail to agree, a charge of .15 per page is awarded.[2]

**DONE** and **ORDERED** in Orlando, Florida on August 5, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] This amount is greater than that normally charged for simple copying of paper documents. As the documents may include items such as x-rays or other specialized non-paper items, and as there is obviously a cost in retrieving, shipping and handling the items, a charge of .15 per page is not unreasonable, under the circumstances.

-4-

Copies furnished to:

Counsel of Record